[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The plaintiff is a former employee of the defendant. The amended complaint dated July 20, 1989 contains three counts. The first count is for breach of an implied contract of employment and an implied covenant of good faith and fair dealing. The second count claims retaliatory discharge of the plaintiff for making complaints concerning safety conditions at the place of employment. The third count claims retaliatory discharge because the plaintiff filed Worker's Compensation claims against the defendant employer. The defendant has filed a motion for summary judgment on the second and third counts.
A summary judgment may be granted under section 384 of the Connecticut Practice Book if the pleadings, affidavits and other proof submitted with the motion show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Connelly v. Housing Authority, 213 Conn. 254, 264; Bartha v. Waterbury CT Page 1709 House Wrecking Co., 190 Conn. 8, 11. To satisfy this burden, the moving party must make a showing that it is quite clear what the truth is, and that it excludes any real doubt as to the existence of any material fact. D.H.R. Construction Co. v. Donnelly, 180 Conn. 430, 434; Fogarty v. Rashaw, 193 Conn. 442,445. In determining whether there is a material issue of fact, the evidence is considered in the light most favorable to the nonmoving party. Strada v. Connecticut Newspapers, Inc., 193 Conn. 313, 317; Connell v. Colwell,214 Conn. 242, 246, 247. The test as to whether summary judgment should be granted, namely that the moving party must be entitled to judgment as a matter of law, is resolved by applying to the established facts the same criteria as is used in determining whether a party would be entitled to a directed verdict on the same facts. Connelly v. Housing Authority, supra, 364; Connell v. Colwell, supra, 247. The court's function in a summary judgment proceeding is not to decide issues of fact, but only to determine whether they exist. Telesco v. Telesco, 187 Conn. 715, 718.
The second count of the complaint attempts to advance a claim for wrongful discharge based upon the concept recognized in Sheets v. Teddy's Frosted Foods, Inc.,179 Conn. 471, 475 (1980), where it was held that an employee at will had a common law action in tort for a demonstrably improper reason for discharge from employment, in cases where the discharge amounted to an important violation of public policy. Subsequent cases have recognized that the concept in the Sheets case applies only in limited circumstances. A cause of action for wrongful discharge only exists where public policy is clearly violated and where the employee is otherwise without a remedy for the wrongful discharge. In Atkins v. Bridgeport Hydraulic Co., 5 Conn. App. 643, 648
(1985), it was held that since the plaintiff could pursue a claim for discharge based on age discrimination with the Commission on Human Rights and Opportunities, that he did not have an independent cause of action for wrongful discharge on the same basis. In Reed v. Ritz Camera and Video Center,4 CSCR 862 (1989), it was held that where ERISA provided a statutory remedy for discrimination claims relating to fringe benefits that the employee did not have an independent action for wrongful discharge on the same basis. See also Leone v. Burns International Security Services, Inc., 11 Conn. Law Trib. 29, at 10, 11 (July 2, 1985); Reed v. Product Identification Corporation, 10 Conn. Law Trib. 35, at 7, 8 (August 7, 1984); Glassover v. Audiotronics, Inc., 10 Conn. Law Trib. 20, at 17, 18 (May 14, 1984); Leavitt v. Times Fiber Communications, Inc., Superior Court at New Haven, No. 220830, July 17, 1984 (Cretella, J.). In Santanella v. Southern New England Telephone Company, Superior Court at CT Page 1710 Hartford, No. 265398, January 17, 1983 (Dupont, J.) it was held that an age discrimination claim could be brought to the Commission on Human Rights and Opportunities. The court concluded that this did not give a discharged employee an independent cause of action based on the Sheets doctrine, and that failure to pursue a complaint before the CHRO was a failure to exhaust administrative remedies.
The plaintiff alleges in paragraphs 24 and 25 of the second count that he was discharged in retaliation for making a safety complaint. Section 11(c)(1) of the Occupational Safety and Health Act of 1970, 29 U.S.C. § 660 (c)(1) [OSHA] and regulations promulgated under it, make it unlawful for an employer to discharge an employee based upon a complaint of an unsafe work condition.29 U.S.C. § 660 (c)(2) allows a court to order the employer to reinstate the employee with pay and related benefits if the employer wrongfully discharges the employee for complaints of an unsafe work condition. See Donovan v. George Lai Contracting, Ltd., 629 F. Sup. 121 (W.D.Mo. 1985); Donovan v. Peter Zimmer America, Inc., 557 F. Sup. 642 (D.S.C. 1982); Donovan v. Freeway Construction Co., 551 F. Sup. 869
(D.R.I. 1982).
The record on the motion for summary judgment does not indicate whether the plaintiff has pursued an OSHA complaint. If he has not done so, the doctrine of primary jurisdiction would require him to do so before he can bring an independent action to achieve the same result in a court proceeding. Sharkey v. City of Stamford, 196 Conn. 253, 255-257; Cannata v. Department of Environmental Protection, 215 Conn. 616,625. If there is a pending OSHA proceeding then the doctrine of exhaustion of administrative remedies applies. Sharkey v. City of Stamford, supra, 255, 256. Summary judgment is granted on the second count on the ground of failure to apply for or exhaust administrative remedies and the related ground that the right to file an OSHA complaint precludes a civil tort action based on the Sheets doctrine for wrongful discharge of an employee for making a job safety complaint. Atkins v. Bridgeport Hydraulic Co., supra, 648. This result is also supported by the decision in Mingachos v. CBS, Inc.,196 Conn. 91, 110, where it was held that the Worker's Compensation Act was the sole remedy for injuries to an employee because of the employer's violation of safety standards established under state or federal law, including OSHA. While not the holding in the case, the court stated at page 110 that neither Connecticut nor federal law provides that alleged violations of OSHA can be the basis of a private right of action for injuries, diseases or death of employees arising out of and in the course of employment. CT Page 1711
The third count claims that the plaintiff was discharged for making Worker's Compensation claims for job related injuries. The defendant concedes that section 31-290a of the General Statutes allows an employee to bring an action against his employer where he is discharged for filing a Worker's Compensation claim. The defendant has attached numerous exhibits to its motion for summary judgment claiming that the facts here do not support such a claim. The plaintiff was injured on the job on two occasions and did file a Worker's Compensation claim for those injuries. Shortly thereafter he was discharged, but the defendant claims that the key employees involved in his discharge were unaware of the Worker's Compensation claim, and that the plaintiff was not discharged for that reason.
The plaintiff has not filed any affidavits or other documentary proof in opposition to the motion for summary judgment. This is no longer required under our rules to prevent summary judgment. The moving party is not automatically entitled to summary judgment merely because the opposing party does not or cannot file documentary evidence in opposition. See Connecticut Practice Book sections 382 and 384. The moving party must still be entitled to judgment based on the documents that are filed, and if a genuine issue of material fact still exists, summary judgment should not be granted. Summary judgment is designed to dispose of cases involving sham or frivolous issues, but is not well adapted to cases of a complex nature which often need the full exploration of a trial. United Oil Co. v. Urban Redevelopment Commission, 158 Conn. 364, 375. The timing of the filing of the Worker's Compensation claim shortly before the plaintiff was discharged does raise a question of fact as to whether the two events are connected, even though documents and affidavits have been filed with the motion to challenge this.
The summary judgment procedure is generally inappropriate where the inferences which the parties seek to have drawn deal with questions of motive, intent and subjective feelings and reactions. Batick v. Seymour,186 Conn. 632, 646, 647. "Intent is clearly a question of fact that is ordinarily inferred from one's conduct or acts under the circumstances of the particular case." Nolan v. Borkowski, 206 Conn. 495, 510 (dissenting opinion). Whether the employer's intent was to discharge the plaintiff based in whole or in part upon the filing of the Worker's Compensation claim should not be decided on a motion for summary judgment. Town Bank Trust Co. v. Benson, 176 Conn. 304, 309; Multi-Service Contractors, Inc. v. Vernon, 193 Conn. 446, 451-52. CT Page 1712 Even though no evidence was filed to oppose the motion, it is not clear that if the directed verdict test is applied that the defendant is entitled to judgment as a matter of law on the third count. Batick v. Seymour, supra, 647.
The motion for summary judgment is granted as to the second count but denied as to the third count.
ROBERT A. FULLER, JUDGE.