[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT OCEAN WORLD'S MOTION TO DISMISS(NO. 154) AND FOR SUMMARY JUDGMENT (NO. 125)
I
This is an action seeking a declaratory judgment and injunctive relief filed by the plaintiff, Robert Fromer, against the defendants, The State of Connecticut Department of Economic Development[1] (DED), the Office of Policy and Management (OPM), and Ocean World Learning, Inc. (Ocean World), pursuant to Connecticut General Statutes § 22a-16, et seq, the Environmental Protection Act of 1971 (EPA).
The plaintiff alleges the following facts. Ocean World received a grant totalling $2.4 million from the DED through its regional capital development program to develop a parcel of land on New London's waterfront for the construction of an oceanographic and marine life sciences and recreational center.
The plaintiff's basic claim is that the Environmental Classification Document (ECD) adopted by the DED, pursuant to § 22a-1a-4 of the Regulations of Connecticut State Agencies CT Page 4427 is inadequate for the protection of the public trust in the air, water and other natural resources of the state.[2] (Complaint, para. 22.) The plaintiff rests this assertion on the DED's lack of the following: (1) a finding of no significant impact; (2) the preparation of an environmental assessment; or (3) an environmental impact evaluation for projects related to economic development of real property in built-up areas.[3]
Thus, the plaintiff claims that the DED determination represents an abuse of discretion, is erroneous, arbitrary and capricious, contrary to the law and violative of the statutory and regulatory policies and mandates embodied in General Statutes § 22a-14, et seq., the EPA, in that:
 a. it fails to comply with the provision of the RCSA[4], §§ 22a-1a-3 and 22a-1a-4;
 b. it assumes without a full, fair, substantive and probative basis that the agency action is determinate and has an insignificant impact on the public trust because it involves acquisition, rehabilitation, demolition, relocation or associated site improvement of real property in existing built-up areas and
 c. it fails to consider the significance of cumulative environmental effects from other independent actions of the DED or other agencies such as the Department of Environmental Protection, State of Connecticut's Thames River Maritime Heritage Park and Visitor's Center.
(Complaint, para. 22.)
The plaintiff further alleges that the defendants' actions will have the effect of "unreasonably polluting, impairing or destroying the public trust in the air, water and other natural resources," and that the natural resources of the state "will suffer irreparable harm and injury without preparation of an environmental assessment/impact evaluation and institution of mitigation measures." (Complaint, paras. 23 and 25.)
In his prayer for relief, the plaintiff seeks a temporary and permanent injunction to prohibit the defendants from the further CT Page 4428 disbursement of grant funds and continuing construction or demolition on the site until the preparation of an adequate ECD and an environmental assessment impact/evaluation. The plaintiff also seeks a declaratory judgment that the ECD currently in use by the DED is "erroneous, arbitrary, capricious and inadequate to protect the natural resources of the state." (Prayer for Relief, subsection c.)
Ocean World's motion to transfer this case from the Judicial District of Hartford/New Britain at Hartford to the Judicial District of New London at New London was granted by the court (Wagner, J.) on January 29, 1996. Before the transfer, however, DED moved for summary judgment based on the doctrine of laches. While decision by Judge Hale on that motion was pending, Ocean World also moved for summary judgment on the ground that the plaintiff's claims were barred by the doctrines of collateral estoppel and laches.
At the hearing on Ocean World's motion for summary judgment, the defendants notified this court (Teller, J.) of DED's pending motion for summary judgment before Judge Hale in Hartford and noted that Ocean World's summary judgment motion also raised laches as a bar to the plaintiff's action. The court informed the parties, that as the laches issue was common as to all defendants, and may be dispositive of Ocean World's motion for summary judgment, he would defer decision and await Judge Hale's ruling. Judge Hale denied DED's motion for summary judgment. Thus, the only pending motion for summary judgment is Ocean World's.
Meanwhile, the defendant Ocean World filed a motion to dismiss this action for lack of subject matter jurisdiction. Ocean World claims that the plaintiff has no standing to sue under the EPA, and also argues that the plaintiff has failed to exhaust his administrative remedies.
The plaintiff opposes Ocean World's motion to dismiss, asserting that he has standing to bring this suit under the EPA, and that he had no other administrative remedies to exhaust. The plaintiff and the defendant have filed briefs in support of their respective positions and made oral argument.
As the motion to dismiss implicates this court's subject matter jurisdiction, it must be acted upon before the court may address the issues raised by the motion for summary judgment. See CT Page 4429Concerned Citizens of Sterling, 204 Conn. 551, 557 (1987).
 II
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531, 544 (1991). "The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter. . . ." Practice Book § 143. "Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceeding in question belong." Tolly v. Department of HumanResources, 225 Conn. 13, 29 (1993) quoting Shea v. First FederalSavings Loan Assn. of New Haven, 184 Conn. 285, 288 (1981).
A. Standing
"Standing concerns the legal right of an individual to set the machinery of the courts in operation. . . . Standing goes to the court's subject matter jurisdiction." (Citation omitted.)Stroiney v. Crescent Lake Tax District, 205 Conn. 290, 294
(1987). General Statutes § 22a-16 of the EPA states in part that:
 [A]ny person . . . may maintain an action . . . for declaratory and equitable relief against the state . . . or agency of the state . . . for the protection of the public trust in the air, water and other natural resources of the state from unreasonable pollution, impairment or destruction. . . .
Relying on statements and language in other motions previously filed by the plaintiff in this case, Ocean World asserts that the plaintiff lacks standing because by his own admissions, his primary purpose in bringing this suit is not to protect the environment, but to call attention to the failure of some state agencies to carry out their duties and responsibilities as `trustees' of the environment for the citizens of the State of Connecticut and succeeding generations.
"The broad language of the [EPA] gives any person the right to bring an action for declaratory and equitable relief against CT Page 4430 pollution. It is clear that a primary purpose of the act is to afford persons standing to bring actions to protect the environment. Such standing . . . is conferred only to protect the natural resources of the state from pollution and destruction."Belford v. New Haven, 170 Conn. 46, 53-54 (1975).
An examination of the plaintiff's complaint demonstrates that the gravamen of this action was the DED's alleged failure to conduct an environmental assessment as a result of an exception in its ECD. Because of this, the plaintiff claims that the "action of the defendant . . . involves conduct which has, or which is reasonably likely to have the effect, of unreasonably polluting, impairing or destroying the public trust in the air, water and other natural resources of the state." (Complaint, para. 23.)
Standing is automatically granted under the EPA to "any person." Manchester Environmental Coalition v. Stockton,184 Conn. 51, 57 (1982). On the pleadings alone, the court concludes that the plaintiff has standing to bring this action based on the allegations of unreasonable pollution to the environment as a result of DED's failure to conduct environmental studies at the site. In doing so, the court advances the policy of the statute to "[p]rovide all persons with an adequate remedy to protect the air, water, and other natural resources from unreasonable pollution, impairment or destruction." General Statutes §22a-15. The present action clearly raises environmental issues. Thus, the plaintiff has standing to bring this action, see Keeneyv. Fairfield Resources, Inc., 41 Conn. App. 120 (1996); and Ocean World's motion to dismiss fails on that ground.
B. Exhaustion of Administrative Remedies
"It is a settled principle of administrative law that, if an adequate administrative remedy exists, it must be exhausted before the Superior Court will obtain jurisdiction to act in the matter." (Citation omitted; internal quotation marks omitted.)Housing Authority v. Papandrea, 222 Conn. 414, 420 (1992). "Because the exhaustion [of remedies] doctrine implicates subject matter jurisdiction, [the court] must decide as a threshold matter whether that doctrine requires dismissal of the plaintiff's claim." Concerned Citizens of Sterling v. Sterling,204 Conn. 551, 556 (1987).
(1) New London Zoning Planning Commission Appeal
CT Page 4431
In order to obtain approval to construct the facility, Ocean World initially had to submit a coastal site development plan and an application for a special use permit to the New London Planning and Zoning Commission (PZC), which held public hearings thereon. Acting pursuant to General Statutes § 22a-19 (a), the plaintiff intervened in that local proceeding claiming that the "proposed project involves conduct which has, or which is reasonably likely to have, the effect of unreasonably polluting, impairing or destroying the public trust in the air, water or other natural resources." (Defendant's Exhibit D attached to Ocean World's motion for summary judgment dated 12/28/95.) After conducting two days of public hearings in which the plaintiff participated, the PZC found that there were "no feasible and prudent alternatives consistent with the reasonable requirements of the public health, safety and welfare." (Defendant's Exhibit A attached to Ocean World's motion for summary judgment dated 12/28/95.) The PZC also concluded that the project was not likely to "[h]ave the effect of unreasonably polluting, impairing or destroying the public trust in air, water or other natural resources." Id.
Because the plaintiff intervened at the local level and raised similar environmental issues before the PZC as he now raises in this suit, Ocean World claims that the plaintiff failed to exhaust his administrative remedies when he did not timely appeal the decision of the PZC. An individual who intervenes in a local administrative hearing pursuant to General Statutes §22a-19 (a) has standing to raise environmental issues only.Gardiner v. Conservation Commission, 222 Conn. 98, 107 (1992). An analysis of his complaint, however, demonstrates that the plaintiff seeks injunctive relief and a declaratory judgment[5]
as to the sufficiency of the DED's ECD.
The PZC does not have the statutory authority to issue injunctive relief, nor is it empowered to determine the sufficiency of the DED's ECD. "This court has `grudgingly carved out several exceptions' from the exhaustion doctrine . . . including one where the administrative remedy is inadequate or futile." (Citation omitted.) Cahill v. Board of Education,198 Conn. 229, 241 (1985). Because the PZC could not rule on the validity of the ECD, the plaintiff cannot be required to appeal the PZC's decision to test an issue that it had no authority to decide. Therefore, Ocean World's motion to dismiss grounded on the plaintiff's failure to timely appeal the decision of the PZC CT Page 4432 must fail.
(2) Declaratory Ruling
In the alternative, the defendant Ocean World claims that the plaintiff has failed to exhaust his administrative remedies because he could have sought a declaratory ruling from the DED regarding the applicability and sufficiency of its ECD to promote and protect the environment under the EPA. The plaintiff, however, claims that there are no administrative remedies to exhaust because the DED had previously denied his request for an environmental assessment for this project.
The plaintiff's complaint specifically alleges that:
 The plaintiff requested preparation of an environmental assessment. By letters dated February 3 and August 23, 1995, the Legal Counsel (Lisa Bakanas, Esq.) for DED denied the request claiming that the ECD did not warrant preparation of a project-specific environmental assessment under the [EPA]. . . .
(Complaint, para 16.).
A review of the August 23, 1995 letter from Ms. Balkans to the plaintiff reveals, however, that the DED denied the plaintiff's request to conduct an environmental assessment because:
 [t]he proposed sited [sic] can be clearly identified as a built-up area both physically and by definition of the Conservation and Development Plan for Connecticut. According to our Environmental Classification Document ("ECD"), that sets the guidelines for how DED must comply with the Connecticut Environmental Policy Act ("CEPA"), preparation of a project specific environmental assessment was not warranted. This project is consistent with our ECD, and we do not agree that the additional work you have requested is mandated.
(Plaintiff's Exhibit A).
The correspondence does not address the plaintiff's principal CT Page 4433 contention that the ECD is inconsistent and inadequate to promote and protect the broad environmental goals of the EPA. It is this issue that the plaintiff now wishes this court to address.
"A declaratory judgment action is a special proceeding under General Statutes 52-59 that is implemented by §§ 389 and 390d of the Practice Book." Rhodes v. Hartford, 201 Conn. 89 (1986). "Jurisdiction of the subject matter is the power [of the court] to hear and determine cases of the general class to which the proceedings in questions belong." (Citations omitted.) Henry F.Raab Connecticut Inc. v. J. W. Fisher Co., 183 Conn. 108, 112
(1981).
 When all persons having an interest in the subject matter of the complaint are parties or have reasonable notice of the action; Practice Book § 390(d); Pinnix v. LaMorte, 182 Conn. 342
(1980); the Superior Court has subject matter jurisdiction in any action or proceeding to declare rights and other legal relations on request for such a declaration whether or not further relief is or could be claimed. General Statutes 52-29. See Connecticut Life Health Ins. Guaranty Assn. v. Jackson, 173 Conn. 352, 358-60 (1977). We have consistently construed this broad statutory grant of jurisdiction and the related Practice Book provisions liberally to serve their sound social purpose. Connecticut Savings Bank v. First National Bank Trust Co., 133 Conn. 403, 409 (1947). See Larke v. Morrissey, 155 Conn. 163, 167- 68 (1967). Thus, the Superior Court has subject matter jurisdiction over suits for declaratory relief despite the adequacy of other legal remedies. Connecticut Life Health Ins. Guaranty Assn. v. Jackson, supra, 359-60; Connecticut Savings Bank v. First National Bank Trust Co., supra, 409 . . . Whether the court, despite its jurisdiction over the subject matter, could properly grant declaratory relief in this case is a distinct question, which is properly raised by a motion to strike. Connecticut Life Health Ins. Guaranty Assn. v. Jackson, supra, 360. CT Page 4434
 P.R.I.C.E., Inc. v. Keeney, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 542469 (March 20, 1995, Schimelman, J.) quoting England v. Coventry,183 Conn. 362, 363-366 (1981).
Although the court has the authority to grant the relief sought by the plaintiff, "[t]his court . . . has repeatedly affirmed the principle that when an adequate administrative remedy is provided by law, it should be exhausted." ConnecticutLife Health Ins. Guaranty Assn. v. Jackson, 173 Conn. 352, 357
(1977). Section 8-203-5 (e) of the Regulations of Connecticut State Agencies provides that:
 [t]he commissioner may render a declaratory ruling on the validity or applicability of any statutory provision, regulation or order of the department, if the statutory provision or regulation or order, or the threatened application thereof, interferes with or impairs, or threatens to impair, the legal rights or privileges of a complaining party.
Moreover, General Statutes § 4-176 (a) of the Uniform Administrative Procedures Act (UAPA) specifically grants "any person" the right to seek a declaratory ruling "as to the validity of any regulation, or the applicability to specified circumstances of a provision of the general statutes, a regulation, or a final decision on a matter within the jurisdiction of the agency." Once such a declaratory ruling is sought, the agency may issue a declaratory ruling, order the matter set down for specified proceedings, agree to issue a ruling on a date certain, or decide not to issue a declaratory ruling. General Statutes § 4-176 (e). If the agency issues an adverse ruling, "the petitioner may seek in superior court a declaratory judgment as to the validity of the regulation in question or the applicability of the provision of the general statutes, the regulation or the final decision in question to specified circumstances." General Statutes § 4-175. If the agency issues an adverse ruling after a hearing held for the purpose of finding facts, the petitioner then must appeal the agency action under the provisions of General Statutes § 4-183. See General Statutes § 4-176 (h).
"The doctrine of exhaustion [of administrative remedies] is grounded on a policy of fostering an orderly process of CT Page 4435 administrative adjudication and judicial review in which a reviewing court will have the benefit of the agency's findings and conclusions." Concerned Citizens of Sterling, 204 Conn. 551,557 (1987).
"The doctrine furthers the salutary goals of relieving the courts of the burden of deciding questions entrusted to an agency . . . in advance of possible judicial review." PolymerResources, Ltd. v. Kenney, 227 Conn. 545, 557, n. 20 (1993). "[W]here there is no administrative proceeding under way, the exhaustion doctrine has no application."[6] Sharkey v.Stamford, 196 Conn. 253, 256 (1985).
There is no dispute and the court finds that the plaintiff did not file a petition for a declaratory ruling from the DED concerning the sufficiency of its ECD to preserve, promote, and protect the underlying policies and goals of the EPA.
The court, however, deems this case to be a question of primary jurisdiction. "In contrast [to the doctrine of exhaustion of administrative remedies], primary jurisdiction situations arise in cases where a [party], in the absence of pending administrative proceedings, invokes the original jurisdiction of the court to decide the merits of the controversy." Sharkey v.Stamford, supra, 196 Conn. 256. "The doctrine comes into play whenever enforcement of . . . [a] claim requires the resolution of issues that a regulatory scheme has placed within the special competence of an administrative body." Tucker v. Cordani,
Superior Court, judicial district of Litchfield at Litchfield, Docket No. 059375 (August 25, 1992, Susco, J.).
Though technically the issue before the court is one of primary jurisdiction, "the rationale underlying [this legal theory] is in substance much the same as that which supports exhaustion." Sharkey v. Stamford, supra, 196 Conn. 256. "[T]he doctrine of exhaustion of [administrative] remedies fosters an orderly process of administrative adjudication and judicial review offering a reviewing court the benefit of the agency's findings and conclusions. It relieves courts of the burden of prematurely deciding questions that, entrusted to an agency, may receive a satisfactory administrative disposition and avoid the need for judicial review." (Citation omitted; internal quotation marks omitted). Cannata v. Department of EnvironmentalProtection, 215 Conn. 616, 625 (1990). "To allow a party seeking a declaratory judgment to bypass the entire process under certain CT Page 4436 circumstances would be to interject an unnecessary and potentially confusing element into an otherwise well-defined area of the law." Connecticut Life Health Ins. Guaranty Assn. v.Johnson, supra, 173 Conn. 359.
Failure to seek relief at the administrative level also deprives the plaintiff of a full opportunity to be heard before an agency that has exhaustive knowledge of the complex issues at hand. "By not appearing before the [DED], the plaintiff not only deprived the [agency] of the opportunity to hear, analyze and review a matter within its responsibility and expertise, but also deprived himself of the opportunity to put on [his] case and to make a proper record on which to seek judicial relief. . . ."Cahill v. Board of Education, 198 Conn. 229, 242 (1985).
As one court said in a case involving a challenge to an agency's jurisdiction, ". . . committing this determination to the [agency] in the first instance permits complete development of the factual record, utilizes the agency's expertise in this technical area, and encourages the development of uniform standards to guide future decisions." Deltona Corporation v.Alexander, 682 F.2d 888, 893-94 (11th Cir. 1982). A similar situation pertains here.
This action for declaratory relief involves intertwined and complex environmental and economic development issues which would be better resolved at the agency level before seeking redress by the superior court. These agencies are often better equipped and more attuned to the statutory and regulatory scheme involving these issues, and the court would certainly be aided by their findings and conclusions. "[A]dministrative agencies must necessarily interpret statutes which are made for their guidance. To rule otherwise would be to ignore the subtle and intricate interaction of law and fact." Connecticut Life Health Ins.Guaranty Assn. v. Johnson, supra, 173 Conn. 356.
The plaintiff's brief in opposition to the motion to dismiss merely raises the objection that the DED's determination that no additional environmental assessments must be conducted pursuant to its ECD is not a "statutory provision, regulation or order of the department." The DED's application of its ECD to the facts of this project constitutes a final decision or order of the DED determining that no environmental assessment need be conducted at the site. Such a finding or order could have been properly challenged by means of an application for a declaratory ruling at CT Page 4437 the DED's administrative level.
The United States Supreme Court stated that "judicial review may be hindered by the failure of the litigant to allow the agency to make a factual record, or to exercise discretion or apply its expertise. . . . [N]otions of administrative autonomy require that the agency be given a chance to discover and correct its own errors. . . . [I]t is possible that frequent and deliberate flouting of administrative processes could weaken the effectiveness of an agency by encouraging people to ignore its procedures," McKart v. United States, 395 U.S. 182, 194-195,89 S.Ct. 1657, 23 L.Ed.2d 194 (1969); Cannata v. Department ofEnvironmental Protection, supra, 215 Conn. 625.
The DED's determinations which the plaintiff seeks to challenge in this court were well within its province, as it was given jurisdiction under General Statutes § 32-1, et seq; Regs. Conn. State Agencies, § 22a-1a-2. Thus, the DED was presumed competent to decide the issues involved, which could have been fully adjudicated before it. "And since agency decisions are frequently of a discretionary nature or require expertise, the agency should be given the first chance to exercise that discretion or to apply that expertise." Cannata v.Department of Environmental Protection, supra, 215 Conn. 616, quoting from McKart v. United States, supra.
A declaratory ruling procedure under § 4-176 would have been an adequate remedy available for the relief sought by the plaintiff. "If the available administrative procedure . . . provides the plaintiff with a mechanism for attaining the remedy that [he seeks];" Concerned Citizens of Sterling v. Sterling,
supra, 204 Conn. 560, n. 10; he must first exhaust that remedy. As he has failed to properly do so, his complaint must be dismissed.
Even though the court has previously found that it has subject matter jurisdiction to hear this declaratory judgment action, the court finds that the issues raised are more properly heard and initially decided at the agency level under the doctrine of primary jurisdiction. Both the primary jurisdiction doctrine and the exhaustion of remedies doctrine implicate the court's subject matter jurisdiction. Concerned Citizens ofSterling v. Sterling, supra, 204 Conn. 556.
The plaintiff has not shown that he should be excused for failing to exhaust his administrative remedies under the CT Page 4438 exceptions sparingly carved out. "There are some exceptions to the exhaustion doctrine, although we have recognized such exceptions only infrequently and only for narrowly defined purposes. . . . We have recognized that a party aggrieved by a decision of an administrative agency may be excused from exhaustion of administrative remedies if: recourse to the administrative remedy would be futile or inadequate; the procedures followed by the [agency] are constitutionally infirm; or injunctive relief from an agency decision is necessary to prevent immediate and irreparable harm." (Internal quotation marks and citations omitted.) Polymer Resources, Ltd. v. Keeney,227 Conn. 545, 561 (1993).
The plaintiff's failure to comply with the exhaustion requirement does not come within any of these recognized exceptions.
The plaintiff first claims that in view of the negative reply received from the DED his resort to a declaratory ruling from it would be futile. The short answer to this claim is that a mere conclusory assertion that an agency will not reconsider its decision does not excuse compliance with the exhaustion requirement or demonstrate futility. See Housing Authority v.Papandrea, 222 Conn. 414, 430-32 (1992).
Moreover, the plaintiff did not present to the DED all of his environmental concerns in the letter[7] above referred to, which only requested an environmental assessment. Thus, the DED had no reasonable opportunity to consider the claims he now makes here.
Plaintiff does not claim a constitutional violation by the DED, nor could he. The third exception to the exhaustion doctrine, that injunctive relief is necessary to prevent immediate and irreparable harm is not available to the plaintiff, because he has an adequate remedy at law, that is, the declaratory ruling procedure afforded by § 4-176 (a).
I conclude that the plaintiff has failed to exhaust his administrative remedies and that his failure to do so was not excused by any appropriate exception to the exhaustion doctrine.
Therefore, Ocean World's motion to dismiss is granted. Because the court has no subject matter jurisdiction, the court has no power to rule on Ocean World's prior pending motion for CT Page 4439 summary judgment.
It is axiomatic that a court is bound to dismiss a case once it determines that it lacks subject matter jurisdiction. LightRigging Co. v. Dept. of Public Utility Control, 219 Conn. 168,172 (1991). Thus, a court's consideration of the merits of the case would be improper. Jolly, Inc. v. Zoning Board of Appeals,237 Conn. 184, 192 n. 11 (1996).
Teller, J.