## VINCENT J. SHARKEY ET AL. *v.*
## CITY OF STAMFORD ET AL.
### (12386)

PETERS, C. J., HEALEY, SHEA, DANNEHY and SANTANIELLO, Js.

Argued March 14—decision released May 14, 1985

*Michael J. McNulty,* for the appellants (plaintiffs).

*Edward J. Frattaroli,* assistant corporation counsel, with whom was *William J. Hennessey, Jr.,* assistant corporation counsel, for the appellees (municipal defendants).

DANNEHY, J. In this action the plaintiffs sought an injunction restraining the defendants from adding to the eligibility list for promotion to sergeant those police officers who successfully competed in a promotional examination with less than four years of seniority as of the date of the examination. The defendants moved to dismiss the action on the grounds that: (1) the plaintiffs had failed to exhaust administrative remedies; and (2) the plaintiffs lacked standing to institute the action. This motion was denied by the court, *Coppeto, J.* The defendants then filed an answer to the complaint, and the case was heard in the trial court, *Dean, J.,* upon stipulated facts. The court rendered judgment for the defendants, and the plaintiffs appealed.

The appeal is defective in form because it is taken from the court's memorandum of decision rather than from the final judgment. General Statutes § 52-263; Practice Book § 3000; *Windham Community Memorial Hospital* v. *Willimantic,* 166 Conn. 113, 348 A.2d 651 (1974); Maltbie, Conn. App. Proc. § 10. The defendants, however, by failing to move to dismiss the appeal, have waived the defect. *Teitelman* v. *Bloomstein,* 155 Conn. 653, 655, 236 A.2d 900 (1967); *Desmarais* v. *Pinto,* 147 Conn. 109, 110, 157 A.2d 596 (1960).

The stipulated facts may be summarized as follows. The plaintiffs are Stamford police officers with more than four years time in grade who achieved passing scores on the promotional test for sergeant which was held on February 21, 1981. Prior to February 21, 1981, only officers with four years time in grade could sit for this examination. The announcement for the contested examination contained a "special note" which invited all officers who would accumulate four years time in grade during the life of the "eligible list" (two years) to sit for the examination.[1] Those officers with less than

---

[1] The examination announcement stated in pertinent part:
"MINIMUM QUALIFICATION REQUIREMENTS: Four (4) years of

four years time in grade, however, would not have their names certified for promotion to sergeant until such time as they completed their four years. Before any of the officers who lacked four years time in grade could attain such status, the plaintiffs commenced the present action.

On appeal, the plaintiffs claim that the trial court erred in concluding that: (1) there was no showing of irreparable injury to the plaintiffs; and (2) the plaintiffs were not entitled to an injunction.

The defendants contend that the record in this case, as developed thus far, clearly shows that the plaintiffs' evidence was insufficient to prove irreparable injury. They argue in the alternative that the trial court properly denied injunctive relief because the plaintiffs failed to exhaust their administrative remedies. We agree with the general thrust of the defendants' alternate argument.

It is well established that resort to the administrative process is generally a prerequisite to invoking the jurisdiction of a court. *Connecticut Life & Health Ins. Guaranty Assn.* v. *Jackson,* 173 Conn. 352, 358–59, 377 A.2d 1099 (1977). The problem we confront here, however, is more correctly termed one of "primary jurisdiction" or "prior resort" than one of exhaustion. The difference between the doctrines of exhaustion of administrative remedies and primary jurisdiction is succinctly stated and illuminated in the case of *Murphy* v. *Administrator of the Division of Personnel Administration,* 377 Mass. 217, 386 N.E.2d 211 (1979). The doctrine of exhaustion of administrative remedies contemplates a situation where some administrative action

permanent status as a police officer with the Stamford Police Department. SPECIAL NOTE: Candidates who would become eligible for appointment during the life of the eligible list—two years—will be permitted to take the examination. Such candidates will not be certified for appointment until the time in grade requirement has been met."

has begun, but has not yet been completed; where there is no administrative proceeding under way, the exhaustion doctrine has no application. In contrast, primary jurisdiction situations arise in cases where a plaintiff, in the absence of pending administrative proceedings, invokes the original jurisdiction of a court to decide the merits of a controversy. We describe the circumstances herein as a primary jurisdiction case, because the plaintiffs, prior to filing their complaint, had sought no administrative action.

"Having noted the procedural distinction between exhaustion and primary jurisdiction, we observe that the rationale underlying primary jurisdiction is in substance much the same as that which supports exhaustion." *Murphy* v. *Administrator of the Division of Personnel Administration,* supra, 221. The doctrine of primary jurisdiction, like exhaustion, is "grounded in a policy of fostering an orderly process of administrative adjudication and judicial review in which a reviewing court will have the benefit of the agency's findings and conclusions." *Connecticut Life & Health Ins. Guaranty Assn.* v. *Jackson,* supra, 358–59. To allow a party seeking an injunction to bypass the entire process under certain circumstances would be to interject an unnecessary and potentially confusing element into an otherwise well defined area of the law. Id., 359. Ordinarily, a court should not act upon subject matter that is peculiarly within the agency's specialized field without giving the agency an opportunity to apply its expertise, for otherwise parties who are subject to the agency's continuous regulation may become the victims of uncoordinated and conflicting requirements. See 4 Davis, Administrative Law (1983) § 22.1, p. 81. "Primary jurisdiction is applied in order to ensure that an orderly procedure will be followed, whereby the court will ultimately have access to all the pertinent data, including the opinion of the agency." *Far East Con-*

*ference* v. *United States,* 342 U.S. 570, 574–75, 72 S. Ct. 492, 96 L. Ed. 576 (1952). When an action raises a question concerning the validity of an agency practice, the doctrine is particularly applicable. *Murphy* v. *Administrator of the Division of Personnel Administration,* supra, 221. "The aim is to prevent disjointed, uncoordinated, and premature decisions affecting policy." *State ex rel. Golembeske* v. *White,* 168 Conn. 278, 281, 362 A.2d 1354 (1975).

There are instances, however, in which the application of the doctrine will not serve these interests. The controversy may turn on a question of pure law which has not been committed to agency discretion. *Ezratty* v. *Commonwealth of Puerto Rico,* 648 F.2d 770, 774 (1st Cir. 1981). Further, resort to agency proceedings may be futile and might also work severe harm on the party seeking relief. Id.

In this case, the plaintiffs are not seeking actual promotions but instead are seeking proper administration of the eligibility list. It is their contention that the procedure authorized in the "special note" constitutes a rule change that was implemented in violation of the Stamford City Charter. They claim also that it violates several sections of the Stamford Merit System Rules.

The defendants maintain that the "special note" permitting early admission to the examination is merely a modification of a job specification which fully complies with all laws, rules, and regulations controlling personnel practice and procedure within the city of Stamford. According to the defendants, the concept of anticipated eligibility for admission to a promotional examination was adopted in compliance with the requirements of Title VII of the Civil Rights Act of 1964 and the Equal Employment Opportunity Commission's Uniform Guidelines on Employee Selection Procedures.

None of the exceptions that would ordinarily limit the exercise of primary jurisdiction appear here. The underlying issue in this case—the validity of the procedural change outlined in the "special note"—is a matter that calls out for resolution at the agency level. Working out an examination procedure to establish an eligibility list that comports with a policy of promoting equal opportunity calls for expertise and discretion; and an initial independent review of the announcement for the promotional test at the agency level would serve the major purposes of the primary jurisdiction doctrine.

Moreover, the plaintiffs will suffer no irreparable harm by delay of their judicial action. The plaintiffs have failed to demonstrate any way in which they would have been injured by being forced to pursue their administrative remedy. It is undisputed that mere placement on the eligible list does not automatically guarantee an appointment to the position of police sergeant at some time during the two year life of the list. No plaintiff, as of this time, has suffered any delay or denial of promotion due to the placement on the eligible list of an officer who, at the time he or she took the sergeant's examination, had less than four years time in grade.

Finally, the invocation of the administrative procedure available to the plaintiffs would have been simple and direct, and obviously not futile.[2] The charter of the city of Stamford establishes a personnel appeals board vested with the power to review employee appeals. Specifically, § 740.2 provides in pertinent part: "It shall be the duty of the Board to review

[2] In any event, the plaintiffs have failed to demonstrate that an appeal to the appropriate administrative agency would have been, in this case, futile. See *Laurel Park, Inc.* v. *Pac,* 194 Conn. 677, 688, 485 A.2d 1272 (1984); *Greenwich* v. *Liquor Control Commission,* 191 Conn. 528, 541–42, 469 A.2d 382 (1983); *Harwinton Drilling & Engineering Co.* v. *Public Utilities Control Authority,* 188 Conn. 90, 94, 448 A.2d 210 (1982); *Kosinski* v. *Lawlor,* 177 Conn. 420, 425, 418 A.2d 66 (1979).

employee appeals resulting from alleged adverse employer action including, but not limited to, violations of the provisions of this Chapter, or the Rules and Regulations promulgated thereunder. . . ." Section 740.3 sets forth the proper appellate procedures: "Any employee aggrieved by any order, action, or decision of the Personnel Commission or the Personnel Appeals Board shall have the right to appeal, within fifteen days of said order, action or decision to a court of competent jurisdiction in the manner prescribed by laws for appeals from municipal boards." The charter provisions for administrative review have prepared a straight and easy route for the plaintiffs to assert their claim.

Since the linchpin of this controversy is the validity of an agency practice having special reference to the Stamford personnel commission, we believe that it falls within the doctrine of primary jurisdiction. The problem calls for the special expertise of the Stamford personnel commission. Any resolution of the controversy by this court might interfere with the development and administration of personnel department policy. Inasmuch as these considerations provide the underpinnings of primary jurisdiction, there is indeed justification for the doctrine's application in a case such as this.

There is error, the judgment is set aside and the case is remanded to the trial court with direction to dismiss the plaintiffs' complaint.

In this opinion the other judges concurred.