[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum of Decision on Motion to Dismiss
I.
 Introduction and Factual Background
On February 2, 1995, the plaintiff, State of Connecticut, acting at the request of Gloria Schaffer, Commissioner of Consumer Protection (hereinafter "C.C.P."), brought a two count complaint against the defendant Hertz Corporation, pursuant to the Connecticut Unfair Trade Practices Act, General Statute § 42-110m, alleging that the defendant has violated General Statutes § 14-153b which, inter alia, prohibits businesses renting passenger motor vehicles for 30 days or less from requiring a customer to show proof that he or she holds a credit card as a condition to the rental of the vehicle.[1]
On March 3, 1995, the defendant Hertz filed a motion to strike both counts of the plaintiff's complaint maintaining that it had not violated § 14-153b and thus, its actions did not constitute a violation of CUTPA. Hertz also argued that the plaintiff's interpretation of General Statutes § 14-153b
would not pass constitutional muster. On May 5, 1995, this court denied the motion as to both counts. Connecticut v.Hertz Corporation, 14 Conn. L. Rptr. 249 (May 8, 1995).
The plaintiff has additionally filed an action in this judicial district against Avis Rent-A-Car-System Inc. A similar motion to strike was filed in that case and this court ruled in accordance with the previously mentioned decision.
Both Hertz and Avis have filed motions to dismiss the plaintiff's complaint for lack of subject matter jurisdiction maintaining that the C.C.P. lacks standing to enforce and interpret motor vehicle statutes via CUTPA. These arguments were heard together and this decision therefore applies to both cases. CT Page 11104
 II. Discussion
 A.
"The motion to dismiss is the proper vehicle for claiming any lack of jurisdiction in the trial court." Upson v. State,190 Conn. 622, 624-25 n. 4., 461 A.2d 991 (1983). A motion to dismiss "properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." Guliacci v. Mayer, 218 Conn. 531, 544,590 A.2d 567 (1991). "It is axiomatic that once the issue of subject matter jurisdiction is raised, it must be immediately acted upon by the court." Id., 545. The determination of whether subject matter jurisdiction exists "must be informed by the established principle that every presumption is to be indulged in favor of jurisdiction." LeConche v. Elligers, 215 Conn. 701,709-10, 579 A.2d 1 (1990).
 B.
The defendants argue that the legislature has vested the Commissioner of Motor Vehicles (hereinafter, "C.M.V.") alone with the power to interpret and enforce the motor vehicle statutes — including General Statutes § 14-153b. The defendants conclude, therefore, that the C.C.P. is without authority to use CUTPA's broad grant of power to enforce alleged violations of General Statutes § 14-153b, a motor vehicle statute.
In response, the plaintiff argues that CUTPA, specifically General Statutes §§ 42-110m and 42-110o(b), confers standing upon the C.C.P. to pursue this alleged CUPTA cause of action. Indeed, General Statutes § 42-110m provides, in part:
 Whenever the commissioner [of consumer protection has reason to believe that any person has been engaged or is engaged in an alleged violation of any provision of this chapter said commissioner may . . . request the attorney general to apply in the name of the state of Connecticut CT Page 11105 to the superior court for an order temporarily or permanently restraining and enjoining the continuance of such acts . . . .
General Statutes § 42-110m(a). Furthermore, General Statutes § 42-110o provides in part:
 In any action brought under section 42-110m, if the court finds that a person is wilfully using or has wilfully used a method, act or practice prohibited by section 42-110b, the attorney general, upon petition to the court, may recover, on behalf of the state, a civil penalty of not more than five thousand dollars for each violation.
General Statutes § 42-110o(b).
The question of whether CUTPA confers overlapping jurisdiction to enforce alleged violations of unfair or deceptive trade practices was specifically addressed in Meadv. Burns, 199 Conn. 651, 509 A.2d 11 (1986). In Mead, the Supreme Court was asked to determine whether a private litigant could maintain a CUTPA cause of action based on alleged violations of the Connecticut Unfair Insurance Practices Act (CUIPA), General Statutes §§ 38-60 et. seq. [now General Statutes §§ 38a-815 et. seq.]. The court held that the statutory frameworks of both CUIPA and CUTPA indicate that the legislature had manifested an intention to subject insurance practices to multiple rather than to singular regulatory supervision. Id., 662.
The Supreme Court was also persuaded, in part, by the reasoning of the Supreme Judicial Court of Massachusetts, which in interpreting similar statutory language, stated that "`[t]he mere existence of one regulatory statute does not affect the applicability of a broader, nonconflicting statute, particularly when both statutes provide for concurrent coverage of their common subject matter.' Dodd v. CommercialUnion Ins. Co., 373 Mass. 72, 78, 365 N.E.2d 802 (1977)." Meadv. Burns, supra, 199 Conn. 663.
Both commissioners share common concerns in enforcing CT Page 11106 consumers' rights relating to the renting of motor vehicles. CUTPA specifically provides overlapping jurisdiction for these two regulatory authorities to enforce General Statutes §14-153b. The C.C.P. does have standing, therefore, to maintain a CUTPA cause of action to enforce alleged violations of General Statutes § 14-153b.
 C.
The defendants further argue that the doctrine of primary jurisdiction requires this court stay further action until the C.M.V. first makes applicable administrative determinations. "The doctrine of primary jurisdiction is a rule of judicial administration created by court decision in order to promote `proper relationships between the courts and administrative agencies charged with particular regulatory duties.'" (Citation omitted.) Mazzola v. Southern New England TelephoneCo., 169 Conn. 344, 348, 363 A.2d 170 (1975). The doctrine arises when a plaintiff, in the absence of pending administrative proceedings, invokes the original jurisdiction of the court to decide the merits of a controversy. Sharkeyv. Stamford, 196 Conn. 253, 256, 492 A.2d 508 (1985).[2] This is the situation this court faced at the time of the hearing.
In Gulf States Utilities Co. v. Alabama Power Co.,824 F.2d 1465, 1472-74 (5th Cir. 1987), the federal court, in addressing a primary jurisdiction claim, noted that the primary jurisdiction "doctrine applies when agency action would produce needed uniformity in an area." Id., 1473. The need for consistency is clear in the present matter as different car rental companies apparently have different policies and interpretations of the terms "suitable identification" and "reasonable deposit." A regulation of general applicability would certainly be more advantageous than a decision on a specific factual scenario. As stated inMazzola, supra, 169 Conn. 349, the doctrine "comes into play whenever enforcement . . . requires the resolution of issues which under a regulatory scheme, have been placed within the special competence of an administrative body . . . ." Id. 349. Stated another way, "[p]rimary jurisdiction is applied in order to ensure that an orderly procedure will be followed, whereby the court will ultimately have access to all the pertinent data, including the opinion of the agency." Sharkey
v. Stamford, supra, 196 Conn. 253, citing Far East Conference
v. United States, 342 U.S. 570, 574-75, 72 S.Ct. 492, 96 L. CT Page 11107 Ed. 576 (1952).
The plaintiff argues, citing Mazzola, supra, that the doctrine of primary jurisdiction does not require the court to stay this proceeding because the C.M.V.'s decision with respect to the rulemaking is discretionary. In that case, the plaintiff brought an action seeking injunctive and monetary relief alleging that the defendant telephone company's actions terminating and interrupting his telephone services constituted a violation of the anti-trust act. The court held, in part, that the public utilities commission did not have primary jurisdiction over the matters complained since the PUC was under no statutory obligation to conduct a fact-finding inquiry of its own. Id., 364. While Mazzola is helpful in its instructions concerning the general rules of the primary jurisdiction doctrine, it is not on all fours with this case.
At the hearing, this court inquired as to whether any party had filed a request pursuant to General Statutes §§4-168 and 4-174 with the C.M.V. to resolve the issues of this case. While, the parties responded in the negative, this court was advised, after the argument, that on July 8, 1995, Avis filed a petition for rulemaking. Indeed, as noted by Attorney Edward F. Spinella's July 31, 1995 letter, all parties were invited to join in the rulemaking request.[3]
General Statutes § 4-174 states that the commissioner must decide within thirty days whether to deny or initiate rulemaking proceedings and by letter dated August 17, 1995 from Attorney Spinella, this court received a copy of C.M.V.'s August 11, 1995 decision to deny the petition for rulemaking.[4]
It is thus clear to the court that, at this time, the primary jurisdiction argument is unavailing. Had the C.M.V. granted the rulemaking proceeding — even if it disagreed with the exact proposal submitted by Avis, that would be one thing. It did not and a statement that will initiate rulemaking at its convenience is not such an affirmative action that this court should dismiss this case under the doctrine. Therefore, inasmuch as the C.C.P. has the authority to commence an action under CUTPA and as the primary jurisdiction doctrine has been negated by the C.M.V.'s actual decision, this court denies the motion to dismiss.
Berger, J. CT Page 11108