[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED JANUARY 11, 1996
The two plaintiff firefighters, who are employed by the City of Waterbury, bring this action seeking an order of mandamus and permanent injunctive relief in connection with their quest to be promoted to the position of fire lieutenant. The plaintiffs' two-fold request for temporary injunctive relief is now before the court. They seek a temporary injunction enjoining the defendant City of Waterbury (the "City") from promoting any other firefighter to the position of fire lieutenant before the plaintiffs are so promoted in accordance with a recent Connecticut Supreme Court ruling. They also seek temporary injunctive relief enjoining the defendant Waterbury Civil Service Commission (the "Commission") from holding a hearing on an appeal filed by the defendant Waterbury Firefighters Association Local 1339 (the "Union") in connection with the plaintiffs' eligibility for promotion. Some understanding of the long history of this matter is necessary to comprehend the nature of the temporary relief sought.
In early 1992 both plaintiffs took a promotional examination CT Page 1263 for the position of fire lieutenant. On June 26, 1992 the City director of personnel determined that both plaintiffs were eligible to be promoted immediately and notified them that they would be promoted on June 29, 1992. In making these findings, the City personnel director gave both plaintiffs credit for fifteen days service as firefighters with towns other than the City. With this credit, each of the plaintiffs had the four years of firefighting experience which was necessary for the promotion.
The Union took issue with the credits given for prior service and on June 29, 1992 filed a grievance under the collective bargaining agreement between the Union and the City. The Union did not file an appeal with the Commission at that time. The grievance was decided by the then Mayor of the City, Edward D. Bergin, on the same day that it was filed. He sustained the grievance and directed the director of personnel to give credit for prior firefighting service only if the service was in a city comparable in size to Waterbury. In accordance with the mayor's decision, the director of personnel deferred the plaintiffs' eligibility for promotion.
The plaintiffs appealed the personnel director's decision to the Commission, claiming that their eligibility for promotion was not a proper subject for a grievance and that the mayor had therefore acted illegally. The Commission rejected the plaintiffs' appeal on a closely divided vote. The plaintiffs then appealed to the Superior Court, which found that the Commission had not acted illegally, arbitrarily or in abuse of discretion by denying the plaintiffs' appeals. The trial court accordingly dismissed the appeals.
The plaintiffs then appealed to the Appellate Court. Our Supreme Court transferred that appeal to itself and issued its ruling on July 4, 1995. The Supreme Court held that the Commission acted illegally because the dispute over credit for prior service was not subject to collective bargaining and therefore not the proper subject of the grievance decided by the mayor. The trial court judgment was reversed and the case remanded with direction to sustain the appeal and reinstate "the original decision of the director of personnel determining the plaintiffs' immediate eligibility for promotion." Murchison v.Civil Service Commission, 234 Conn. 35, 51 (1995).
On August 21, 1995, the trial court on remand ordered the appeal sustained and reinstated the original decision of the CT Page 1264 director of personnel. On August 25, 1995, the director of personnel recertified the plaintiffs and ordered the Board of Fire Commissioners to immediately appoint the plaintiffs as fire lieutenants effective July 1, 1992.
However, in the interim between the Supreme Court ruling and the trial court's order on remand, the Union filed an appeal of the reinstated decision of the director of personnel. The appeal was filed on August 4, 1995, over three years after the date the plaintiffs originally were found eligible for promotion. The Commission scheduled a hearing on the Union's appeal for September 27, 1995, but that hearing was not held because the Commission decided to defer the hearing until this court has ruled on the plaintiffs' request for a temporary injunction enjoining the holding of that hearing.
The plaintiffs allege in their complaint that they will suffer irreparable harm if the Commission holds a hearing on the Union's appeal in that the plaintiffs "will be required to again undertake an expensive and time consuming process to challenge the probable ruling of that Commission." They also allege that they will suffer irreparable harm if the City is permitted to promote others to the position of fire lieutenant in that the plaintiffs will lose seniority, a higher rate of pay and the opportunity to compete as fire lieutenants for further promotions.
The principal purpose of temporary injunctions generally is to preserve the status quo until the rights of the parties can be determined after a full hearing on the merits. Olcott v.Pendleton, 128 Conn. 292, 295 (1941); Bridgeport Herald v. LowerFairfield County Newsdealers Assn., Inc., 22 Conn. Sup. 111, 116-17
(1960). The issuance of an injunction "is the exercise of an extraordinary power . . ." Scoville v. Ronalter, 162 Conn. 67,74 (1971). "An injunction is a harsh remedy." Leo Foundation v.Cabelus, 151 Conn. 655, 657 (1964).
The requirements generally for a temporary injunction are (1) the establishment of a legal right, which involves a likelihood of success on the merits and the lack of an adequate remedy at law and (2) the imminence of substantial and irreparable injury to the plaintiff, considered with the weighing of the results on both parties. Conn. Assn. of Clinical Laboratories v. Conn. BlueCross, Inc., 31 Conn. Sup. 110, 113 (1973). In deciding whether to grant or dissolve a temporary injunction the court must CT Page 1265 balance the results which may be caused to one party or the other. Olcott v. Pendleton, supra, 128 Conn. 295. "That the granting of a temporary injunction lies in the sound discretion of the court is so fundamental as not to require supporting citation." Cassidy v. Jenks, 14 Conn. Sup. 83 (1946).
At the hearing on their request for temporary injunctive relief, both plaintiffs testified to having incurred approximately $14,000 in legal fees to date with respect to the promotions, thereby causing financial hardship to their families. They also testified that they had lost the higher pay of a fire lieutenant, the experience of being a fire lieutenant, seniority as a fire lieutenant and the right to take the examination for promotion from lieutenant to captain. In their post-trial memorandum of law, the plaintiffs further contended with respect to irreparable harm that the Union took the appeal only to circumvent the ruling of the Supreme Court and further that the result of the hearing before the Commission will be adverse to the plaintiffs. There was no evidence presented in support of either of these two latter claims.
Virtually all of the plaintiffs' claims of harm are monetary in nature and therefore do not satisfy the requirement for a showing of irreparable harm. "It is well settled that an individual's loss of employment and wages, without more, does not constitute an irreparable injury . . ." AFSCME Local 818 v. EastHaven, 42 Conn. Sup. 227, 237, 5 CONN. L. RPTR. 400 (1992). Irreparable injury is injury which cannot be adequately compensated in damages or cannot be measured by a pecuniary standard. Connecticut Assn. of Clinical Laboratories v.Connecticut Blue Cross, Inc., supra, 31 Conn. Sup. 113-14. Lost compensation and seniority are clearly compensable by money damages.
The cost of additional litigation also is not recognized as irreparable harm. Litigation expense, even if substantial or unrecoverable, does not constitute irreparable injury for purposes of an injunction. Renegotiation Board v. BannercroftCo., 415 U.S. 1, 24 (1974). The cost of various methods of dispute resolution, such as arbitration, does not constitute a legally recognized form of irreparable harm. Emery Air FreightCorp. v. Local Union 295, 786 F.2d 93, 100 (2d Cir. 1986). The failure of the plaintiffs to show any properly recognizable irreparable harm is fatal to their application for temporary injunctive relief. CT Page 1266
Other considerations in this case also indicate that the court's discretion is properly exercised by the denial of temporary injunctive relief. The plaintiffs acknowledge that applicable civil service rules and regulations permit an appeal to be taken from the decision of the director of personnel. They also concede that the regulations do not establish a time limit within which that appeal must be taken, with the result that it must be taken within "a reasonable time." The plaintiffs claim that the Union appeal is untimely and that it is barred by waiver, laches and unclean hands. There is no reason to believe that these defenses to the Union appeal cannot be raised before the Commission and be decided by the Commission, with the plaintiffs having the right to appeal any adverse ruling to the Superior Court.
Proceeding in that way is consistent with our public policy that "resort to the administrative process is generally a prerequisite to involving the jurisdiction of a court." Sharkeyv. Stamford, 196 Conn. 253, 255 (1985). "Ordinarily a court should not act upon subject matter that is peculiarly within the agency's specialized field without giving the agency an opportunity to apply its expertise . . ." Id., 256. As the Supreme Court found, the merits of the plaintiffs' claim were not previously decided by the Commission:
 The only issue before the Commission was whether this dispute was properly submitted to the grievance procedure. The plaintiffs did not appeal the merits of the personnel director's decision . . .
Murchison v. Civil Service Commission, supra, 234 Conn. 50. It is appropriate for the Commission to decide the merits of the plaintiffs' civil service claims prior to the court's review of the same issue.
The plaintiffs' application for temporary injunctive relief is denied.
VERTEFEUILLE, J. CT Page 1267