[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING RE MOTION TO STRIKE OF DEFENDANTS MAYFLOWER MANAGEMENT. INC., HOWARDC. MERK AND TOBY FANNING MERK
In this action arising out of the termination of an employment relationship between the plaintiff and the first named defendant, the defendants Mayflower Management Inc., ("MMI"), Howard C. Merk and Toby Fanning Merk move to strike the Second and Fourth Counts of the Revised Complaint. These defendants argue that the Second Count does not set forth a legally sufficient cause of action for breach of the covenant of good faith and fair dealing and the Count Four fails to set forth sufficient allegations to support a cause of action of tortious interference with business expectancy.
In ruling on a motion to strike the court is limited to the facts alleged in the complaint, and those alleged facts must be considered in a light most favorable to the plaintiff. Waters v.Autori, 236 Conn. 820, 825 (1996). The court is further limited by the grounds specified in the motion to strike. Meredith v.Police Commission, 182 Conn. 138, 140 (1980). Facts that are necessarily implied by the allegations in a complaint will be deemed sufficiently pleaded, and therefore need not be expressly alleged. Bouchard v. People's Bank, 219 Conn. 465, 471 (1991). Nevertheless, the court does not consider legal conclusions or opinions as stated in the complaint. S.M.S Textile v. Brown,Jacobsen, 24 Conn. App. 786, 796 (1993). If the facts provable under the allegations support a cause of action, the motion must CT Page 1761 fail.
As to Count Two, these defendants specifically argue that because the plaintiff has alleged an at will employment, a cause of action in breach of good faith and fair dealing does not lie. As to Count Four, these defendants argue that since the complaint does not allege any tortious conduct by Toby Merk or that she acted with some improper means or motive, there are insufficient allegations to support a cause of action in tortious interference with a business expectancy.
The complaint contains six counts and, in the various counts, names four defendants. Count One sounds in breach of contract and names only Mayflower Management and Howard Merk as defendants. Count Two sounds in breach of the covenant of good faith and fair dealing as to only those two defendants. Count Three names only defendant S G claiming tortious interference with a contract. Count Four sounds in tortious interference with a business expectancy as to defendant Toby Merk only. Count Five sounds in tortious interference with a business expectancy as to the defendant S G only. Count Six sounds in negligent misrepresentation as to defendants Mayflower Management and Howard Merk.
Count Two
These defendants move to strike Count Two because of General Statutes § 33-319(b). The allegations pertinent to this motion in Count One are as follows:
 21. In or about 1990, defendant Merk appointed plaintiff President of defendant MMI.
 39. Plaintiff's termination was without just cause, and violated the promises and representations which had been repeatedly made to plaintiff by defendant Merk, upon which plaintiff had relied to his detriment for many years, and which constitutes an express and implied employment contract. These promises and representations included, without limitation, the promise that plaintiff would succeed defendant Merk; that defendant Merk would finance a management buy out of the MMI stock by plaintiff and Lindy Bigliazzi; that the price of the stock was agreed upon; and that plaintiff had security in his employment
CT Page 1762
Count Two incorporates all the allegations of Count One and adds the following:
 42. Plaintiff's termination breached defendants MMI's and Merk's duty of good faith and fair dealing.
The defendants argue that since the plaintiff was the president of the defendant MMI, General Statutes § 33-319(b)[1]
applies to this employment relationship.
That statutory provision reads
 (b) Officers may be removed, with or without cause, but without prejudice to their contract rights, if any. The appointment or election of an officer for a given term, or a general provision in the bylaws or certificate of incorporation with respect to the term of the office, shall not of itself create contract rights.
In Magnan v. Anaconda Industries, Inc., 193 Conn. 558, 572
(1984), the Court held that an at will employee may not successfully challenge his discharge unless the reason for his discharge involves a violation of public policy. In other words, the covenant of good faith and fair dealing does not apply to an at will employment. Carbone v. Atlantic Richfield Co.,204 Conn. 460, 470 (1987).
The plaintiff argues that his allegations reflect a relationship beyond his appointment as president of MMI. The court agrees that there are sufficient allegations of contractual rights outside of his appointment as president. Accordingly, although under General Statutes § 33-419(b), the plaintiff may be removed as president without cause, the statute does not prohibit the enforcement of any contract rights. Since the plaintiff has alleged implied and express contract rights that may be enforceable beyond his removal as president, the motion to strike Count Two is denied.
Count Four
In Count Four, the plaintiff alleges the following:
 48. Plaintiff had a reasonable business expectancy that defendant Merk would fulfill his promises to finance a management buy out of MMI.
CT Page 1763
 49. Defendant Toby Fanning Merk intentionally interfered with plaintiff's business expectancy, including as set forth in paragraphs 27, 33 and 37 herein.
 50. As a result of defendant Toby Fanning Merk's interference with plaintiff's business expectancy, plaintiff suffered past and future financial losses.
Paragraphs 27, 33 and 37 are the sole additional allegations addressing Toby Fanning Merk and they read
 27. On or about May 15, 1995, Barbara Merk Toffler, one of defendant Merk's daughters, asked plaintiff to provide her, her sister defendant Toby Merk, and her brother Howard S. Merk, with a copy of their parents' will. At her insistence, plaintiff set up a meeting for May 23, 1995.
 33. Defendant Merk, at the insistence and recommendation of his daughter defendant Toby Merk, then engaged defendant Shepherd Goldstein to value MMI and to perform a "control audit".
 37. On or about September 28, 1995, plaintiff was visited in his office by Goldstein, and two of defendant Merk's children, among others. Defendant Toby Merk hand-delivered a letter of termination to plaintiff, signed by defendant Merk.
The defendants claim that these allegations are insufficient to set forth a cause of action of intentional interference with a business expectancy. The court agrees.
In Harry A. Finman Sons v. Conn. Truck Trailer Serv.,169 Conn. 407, 415 (1975), the Court set forth the elements of intentional interference with a business expectancy which apply to this case. There must be a business relationship between the plaintiff and MMI; Toby Fanning Merk must have been aware of that relationship; she must have intentionally sought to interfere with it; and as a result of that intentional interference, the plaintiff must have suffered actual loss. In a later decision the Court made it clear that "not every act that disturbs a contract or business expectancy is actionable." Blake v. Levy,196 Conn. 257, 260 (1983). The interference must be tortious. The court's CT Page 1764 holding in Blake requires the plaintiff to plead "at least some improper motive or improper means." 191 Conn. at 262.; Solomon v.Aberman, 196 Conn. 359, 365 (1985). Referring to 4 Restatement (Second) Torts § 767 (1979), the Blake court then went on to explain how to determine whether the specific acts alleged constitute tortious interference. "We must weigh the competing personal and community interests."
Most recently, in Robert S. Weiss Associates, Inc. v.Wiederlight, 208 Conn. 525, 536 (1988), the Court affirmed theBlake holding and quoted it at length in finding the plaintiff's allegations insufficient to state a cause of action of intentional interference with a business relationship.
 "`[F]or a plaintiff successfully to prosecute such an action it must prove that the defendant's conduct was in fact tortious. This element may be satisfied by proof that the defendant was guilty of fraud, misrepresentation, intimidation or molestation . . . or that the defendant acted maliciously.' (Citations omitted.)" Id., 261, quoting Kecko Piping Co. v. Monroe, 172 Conn. 197, 201-202, 374 A.2d 179 (1977). "[A]n action for intentional interference with business relations . . . requires the plaintiff to plead and prove at least some improper motive or improper means. . . . `[A] claim is made out [only] when interference resulting in injury to another is wrongful by some measure beyond the fact of the interference itself.'" (Citations omitted.) Blake v. Levy, supra, 262; Kakadelis v. DeFabritis, 191 Conn. 276, 279-80, 464 A.2d 57 (1983); see also Sportsmen's Boating Corporation v. Hensley, 192 Conn. 747, 753, 755, 474 A.2d 780 (1984) (liability in tort imposed only if defendant acted maliciously).
Because this is a motion to strike, the court construes the allegations most favorably to the plaintiff. While the complaint sufficiently alleges the existence of a business relationship between the plaintiff and MMI, the defendant Toby Fanning Merk's knowledge of the relationship and the plaintiff's actual loss, it does not sufficiently allege tortious interference. The allegations that this defendant was given a copy of her parents' will at her sister's request to the plaintiff (¶ 27), that she insisted and recommended her father engage the defendant S G to perform a control audit (¶ 33) and that she hand-delivered a letter of termination to the plaintiff signed by her father (¶ 37) do not reasonably give rise to the elements of fraud, CT Page 1765 misrepresentation, intimidation or molestation required by Blake
and its progeny.
For the foregoing reasons, the motion to strike Count Four is granted.
Conclusion
The motion to strike count two is denied. The motion to strike count four is granted.
Alexandra D. DiPentima, Judge