[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING RE MOTION TO SIZE OF DEFENDANT SHEPHERD GOLDSTEIN
In this action arising out of the termination of an employment relationship between the plaintiff and the first named defendant, the defendant Shepherd Goldstein ("SG") moves to strike the Fifth Count of the Revised Complaint. The defendant SG argues that the count fails to set forth sufficient allegations to support a cause of action of tortious interference with business expectancy.
In ruling on a motion to strike the court is limited to the facts alleged in the complaint, and those alleged facts must be considered in a light most favorable to the plaintiff. Waters v.Autori, 236 Conn. 820, 825 (1996). The court is further limited by the grounds specified in the motion to strike. Meredith v.Police Commission, 182 Conn. 138, 140 (1980). Facts that are necessarily implied by the allegations in a complaint will be deemed sufficiently pleaded, and therefore need not be expressly alleged. Bouchard v. People's Bank, 219 Conn. 465, 471 (1991). Nevertheless, the court does not consider legal conclusions or opinions in the complaint. S.M.S. Textile v. Brown, Jacobsen,24 Conn. App. 786, 796 (1993). If the facts provable under the allegations support a cause of action, the motion must fail.
The defendant specifically argues that the complaint does not allege that its actions constituted an interference, that its CT Page 1757 actions were tortious or that it acted with some improper means or motive.
The complaint contains six counts and, in the various counts, names four defendants. Count One sounds in breach of contract and names only Mayflower Management and Howard Merk as defendants. Count Two sounds in breach of the covenant of good faith and fair dealing as to only those two defendants. Count Three names only defendant SG claiming tortious interference with a contract. Count Four sounds in tortious interference with a business expectancy as to defendant Toby Merk only. Count Five sounds in tortious interference with a business expectancy as to the defendant SG only. Count Six sounds in negligent misrepresentation as to defendants Mayflower Management and Howard Merk.
Count Five incorporates all the paragraphs of Count One and four paragraphs of Count Three. In Count One the allegations as to SG are as follows:
 33. Defendant Merk, at the insistence and recommendation of his daughter defendant Toby Merk, then engaged defendant Shepherd Goldstein to value MMI and to perform a "control audit."
 34. Beginning on or about July 12, 1995, defendant Shepherd Goldstein conducted a "valuation" and "control audit" of MMI.
 35. Defendant Shepherd Goldstein falsely and inaccurately valued MMI to influence defendant Merk's decision-making with respect to the management buy out.
 36. On or about September 20, 1995, without prior notice to plaintiff, Carl Goldstein, a principal in defendant Shepherd Goldstein, announced that plaintiff was no longer the executor and sole trustee of the Merks' estate plan. He also falsely stated that MMI was underperforming by approximately $4,000,000 and that the sale would be deferred.
 37. On or about September 28, 1995, plaintiff was visited by Goldstein, and two of defendant Merk's children, among others. Defendant Toby Merk hand-delivered a letter of termination to plaintiff, signed by defendant Merk.
CT Page 1758
In Count Three the additional allegations are as follows:
 44. At and after they were retained, defendant Shepherd Goldstein were aware of the existence of the management buy out agreement between defendant Merk and plaintiff.
 45. Defendant Shepherd Goldstein, acting through its authorized agents and representatives, tortiously interfered with plaintiff's agreement with defendant Merk.
 46. As a result of defendant Shepherd Goldstein's interference with plaintiff's employment contract, plaintiff was terminated and has suffered past and future financial losses.
Count Five contains these additional allegations:
 52. Plaintiff had a reasonable business expectancy that defendant Merk would fulfill his promises to finance a management buy out of MMI.
 53. Defendant Shepherd Goldstein, acting through its authorized agents and representatives intentionally interfered with plaintiff's business expectancy.
 54. As a result of defendant Shepherd Goldstein's interference with plaintiff's business expectancy, plaintiff suffered past and future financial losses.
In Harry A. Finman Sons v. Conn. Truck Trailer Serv.,169 Conn. 407, 415 (1975), the Court set forth the elements of intentional interference with a business expectancy which apply to this case. There must be a business relationship between the plaintiff and MMI; SG must have been aware of that relationship; it must have intentionally sought to interfere with it; and as a result of that intentional interference, the plaintiff must have suffered actual loss. In a later decision the Court made it clear that "not every act that disturbs a contract or business expectancy is actionable." Blake v. Levy, 196 Conn. 257, 260
(1983). The interference must be tortious. The court's holding in Blake requires the plaintiff to plead "at least some improper motive or improper means." 191 Conn. at 262.; Solomon v. Aberman,196 Conn. 359, 365 (1985). Referring to 4 Restatement (Second) CT Page 1759 Torts § 767 (1979), the Blake court then went on to explain how to determine whether the specific acts alleged constitute tortious interference. "We must weigh the competing personal and community interests."
Most recently, in Robert S. Weiss Associates, Inc. v.Wiederlight, 208 Conn. 525, 536 (1988), the Court affirmed theBlake holding and quoted it at length in finding the plaintiff's allegations insufficient to state a cause of action of intentional interference with a business relationship.
 "`[F]or a plaintiff successfully to prosecute such an action it must prove that the defendant's conduct was in fact tortious. This element may be satisfied by proof that the defendant was guilty of fraud, misrepresentation, intimidation or molestation . . . or that the defendant acted maliciously.' (Citations omitted.)" Id., 261, quoting Kecko Piping Co. v. Monroe, 172 Conn. 197, 201-202, 374 A.2d 179 (1977). "[A]n action for intentional interference with business relations . . . requires the plaintiff to plead and prove at least some improper motive or improper means. . . . `[A] claim is made out [only] when interference resulting in injury to another is wrongful by some measure beyond the fact of the interference itself.'" (Citations omitted.) Blake v. Levy, supra, 262; Kakadelis v. DeFabritis, 191 Conn. 276, 279-80, 464 A.2d 57 (1983); see also Sportsmen's Boating Corporation v. Hensley, 192 Conn. 747, 753, 755, 474 A.2d 780 (1984) (liability in tort imposed only if defendant acted maliciously).
Because this is a motion to strike, the court construes the allegations most favorably to the plaintiff. The complaint sufficiently alleges the existence of a business relationship between the plaintiff and MMI, the defendant S G's knowledge of the relationship and the plaintiff's actual loss. As to the tortious interference, the allegations are that S G "falsely and inaccurately valued MMI to influence defendant Merk's decision-making with respect to management buy out." While not necessarily provable, they are sufficient under the current substantive and procedural law. In Wiederlight the allegation was "encouragement" with actual or constructive knowledge of the restrictive covenant. Here the allegations of "falsely" and "influencing" are closer to the elements of fraud, misrepresentation, intimidation molestation required by Blake and its progeny. The plaintiff has alleged tortious interference by CT Page 1760 pleading false valuation and the improper motive to influence the defendant regarding management buy out.
The motion to strike is denied.
Alexandra D. DiPentima, Judge