[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 STATEMENT OF THE CASE
This matter has been submitted to the court on a set of "Stipulated Facts" dated February 7, 1997 and Briefs. When the CT Page 2835 matter was heard in 1997 by another judge, it was the opinion of all parties that a grievance was pending before the State Board of Mediation and Arbitration. Based on that representation, the court, Hodgson, J., stayed all proceedings in this action pending arbitration.
It was subsequently learned that, in fact, no grievance had been filed and the parties agree that is so and that the matter should now proceed. Therefore, the stay is vacated.
 FACTS
The plaintiff firefighters' union (Union) seeks to enjoin the City of New Haven, its Board of Aldermen, and the members of the board of the Policemen and Firemen Pension Fund (Fund) from paying to six former policemen pension benefits in excess of the amount authorized in a collective bargaining agreement between the City and the Union.
The plaintiff claims these payments to the defendants Daniel Blackmon, Thomas Butler, Thomas Muller, John O'Connor, James O'Neill and Walter Connors deplete the Fund, thereby jeopardizing the benefits due and to be due to the plaintiff's members.
 DISCUSSION I
The defendants argue that jurisdiction lies with the State Board of Mediation and that since nothing was ever filed with that body, this court lacks jurisdiction.
The defendants rely in part on Section 52-409 of the Connecticut General Statutes which provides that any action brought by a party to a written agreement to arbitrate a dispute must be stayed until that process has been completed. Judge Hodgson relied on this section in staying these proceedings in 1997, citing Success Centers, Inc. v. Huntington LearningCenters. Inc., 223 Conn. 761 (1992).
She also noted that: "To the extent that the plaintiff's claims assert the commission of an unfair labor practice, such claims are within the primary jurisdiction of the State Board of Labor Relations, pursuant to C.G. S. § 31-107." CT Page 2836
With the plaintiff having ignored the appropriate avenues of redress, this dispute is governed by Sharky, et al v. Stamford,et al, 196 Conn. 253 (1985). At page 256 the court stated:
 "Having noted the procedural distinction between exhaustion and primary jurisdiction, we observe that the rationale underlying primary jurisdiction is in substance much the same as that which supports exhaustion." Murphy v. Administrator of the Division of Personnel Administration, supra, 221. The doctrine of primary jurisdiction, like exhaustion, is "grounded in a policy of fostering an orderly process of administrative adjudication and judicial review in which a reviewing court will have the benefit of the agency's findings and conclusions." Ordinarily, a court should not act upon subject matter that is peculiarly within the agency's specialized field without giving the agency an opportunity to apply its expertise, for otherwise parties who are subject to the agency's continuous regulation may become the victims of uncoordinated and conflicting requirements. "Primary jurisdiction is applied in order to ensure that an orderly procedure will be followed, whereby the court will ultimately have access to all the pertinent data, including the opinion of the agency." (Citations omitted).
The court concludes that this matter should be dismissed for lack of jurisdiction.
 II
The court will also address this matter on the merits, lest an appeal solely on the issue decided above result in a remand which then would require further proceedings.
 A
The City took the action it did through the Fund to resolve a grievance which the six named defendants filed. That grievance was in response to the City's plan to reorganize supervisory positions in the police department.
The argument reached called for the six grievants to retire but with a more favorable pension than previously called for. The plaintiff then objected claiming that its members were prejudiced by virtue of the Fund being a joint police and fire pension fund. CT Page 2837
The previous history of such objections suggests why this plaintiff in this instance did not file a grievance with the State Board of Labor Relations. For, that body in a 1988 decision ruled that a stipulated agreement that settles a grievance is an extension of the collective bargaining process and it is binding on the Fund board, whether or not it is approved by the local legislative body which must initially agree to collective bargaining agreements and their requirements for pension fund contributions. See:
 "In the matter of City of New Haven and Local 848. Council 4, AFSCME. AFL-CIO and Retirement Board of the City of New Haven Retirement Fund, Case No. MPP-10, 963, Decision No. 2699, Before the Connecticut State Board of Labor Relations (December 30, 1988, at pages 4-5, citing Connecticut State Board of Labor Relations, Town of New Canaan, Decision No. 2553 (1987), State of Connecticut, Decision No. 2006 (1981), and Town of Stratford, Decision No. 1936 (1980).
In this case, one of the plaintiff union's objectives is to achieve parity with the police union with respect to the Fund. Again, the State Board of Labor Relations has addressed this issue and has ruled that one municipal union which is a party to a pension fund may not require parity with its rights of another union which is a party to the same fund because such action would contribute illegal interference in the collective bargaining rights of the other union. The defendant's brief and exhibits contain decisions reciting these conclusions. See:
 "In the Matter of City of New London and New London Police Union Local No. 724. Council 15, AFSCME, AFL-CIO and International Association of and In the Matter of local 1522, International Association of Firefighters and New London Police Union Local 724. Council 15, AFSCME, AFL-CIO, Case no. MUPP-2343, Decision No. 1128, Before the Connecticut State Board of Labor Relations, Decided March 21, 1973, Issued April 10, 1973, at page 13, affirmed, Local Union No. 1522. International Association of Firefighter vs. Connecticut State Board of Labor Relations, et al, Court of Common Pleas, Hartford County, Docket No. 100994 (October 23, 1973).
 C.
The defendants also argue that there is no prejudice to the CT Page 2838 union members and they have not shown that they have been injured.
There is no way around the basic fact that the plaintiff's members rights in the Fund are set out in the fire union's collective bargaining agreement and are separate and apart from the police agreement.
Further, the Fund is a "defined" benefit plan, requiring the City to, in effect, guarantee the pension obligations to both police and firefighters who retire, regardless of the status of the fund. Therefore, these enhanced payments cannot have the effect of "draining" the Fund so that there is less money available to retired firefighters.
This plaintiff does not have standing to question the procedure taken by the City and the Fund.
 ". . . where a party does not rely upon any specific statute authorizing invocation of the judicial process his standing depends on whether he has a sufficient `personal stake in the outcome of the controversy' and he is not entitled to vindicate his own value preferences through the judicial process. Sierra Club v. Morton, 405 U.S. 727, 731-40, 92 S.Ct. 1361, 31 L.Ed.2d 636. See Warth v. Seldin, 422 U.S. 490, 95 S.Ct. 2197, 45 L.Ed.2d 343."
 Bedford. et al v. City of New Haven, et al, 170 Conn. 46, 54 (1975).
 III
The plaintiff has raised a variety of other issues which the court rejects as lacking substance or relevance.
Its argument that the Fund is not a "defined" pension fund is critical of the City, its administration of the Fund, and alleges the Fund is underfunded. The short answer to this claim is there is a remedy available, but it does not involve the pension agreement reached with the six ex-police officers.
The plaintiff's reliance on the New London case cited by the defendants (supra) is misplaced. The court does not see it as support for the plaintiff's claim that the pension agreement in question restrains the rights of the plaintiff to have CT Page 2839 "untrammeled future bargaining. In fact, the court perceives the agreement in question as a boon to the plaintiff in its future negotiations. From its own personal viewpoint, the court sees this as inviting other employees to use it as a precedent.
The court cannot interpret the argument that it lacks "adequate administrative remedies before the State Labor Board" and rejects it.
 CONCLUSION
The court having determined that the stay of proceedings entered in this matter should be dissolved, the relief sought by the plaintiff is denied and judgment may enter for the various defendants as their interests may appear.
Anthony V. DeMayo Judge Trial Referee