[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS
CT Page 3599
Plaintiff brings this action by sworn complaint for temporary and permanent injunctions "to enjoin restart of" Unit 2 of defendant's Millstone generating plant "pending installation of a fish return system" and "a closed cooling system" at the Unit. They also seek costs and attorneys fees under C.G.S. § 22a-18.
Defendants move to dismiss for lack of subject matter jurisdiction claiming plaintiffs have failed to exhaust their administrative remedies and under the doctrine of primary jurisdiction.
 Facts Alleged or Admitted
Unit 2 is not in operation but its restart is to occur in May 1999.
When Unit 2's present cooling system is in operation it causes injury to the marine environment in Long Island Sound. There exists one or more reasonable cooling alternatives that would substantially reduce such injury.
Defendants have a permit for Unit 2 issued under C.G.S. §22a-430 by the Department of Environmental Protection (D.E.P.) on December 14, 1992. That permit was for five years, but defendants filed an application for renewal of that permit on June 13, 1997. The department has an ongoing process to determine if such renewal should be granted. The plaintiff Fish Unlimited, Inc. has been permitted to intervene in that process and requested and has been granted a hearing on the issues of the permit. None of the other plaintiffs have intervened in that renewal process but may do so under C.G.S. § 22a-437.
After a hearing on the permit renewal and the decision by D.E.P. any person aggrieved may appeal that decision under C.G.S. § 22a-437.
More than 90% of the fish "larvae are entrained" (sic) in April and May each year. The D.E.P. has required defendant "to continue to schedule refueling outages to coincide with the period of high winter flounder larvae . . . (typically April 1 through June 15th)" This allows the inference that that period of time is when the most damage to the marine environmental system occurs as a result of the defendant's operation of Unit 2 with its present cooling system.
 Law
CT Page 3600 I. Primary Jurisdiction
The use of the doctrine of primary jurisdiction is available only when there are no pending administrative proceedings that a plaintiff would have an opportunity to use. Sharkey v. Stamford,196 Conn. 253, 255, 256. That is not our situation.
 Exhaustion
If there is an adequate administrative remedy which it would not be futile to pursue a party must use that remedy before seeking a remedy in this court. Housing Authority v. Papandrea,222 Conn. 414, 432. Because it is now March 30, 1999 and the most serious damage complained of by plaintiffs will occur in the next two and one-half months using the available administrative remedies would be futile to prevent that damage. As of now this court is plaintiff's only protection.
It is true that plaintiffs could ask for a declaratory ruling from the Commissioner, but because of the immediacy of the danger that remedy is inadequate. Polymer Resources, Ltd. v. Keeney,227 Conn. 545, 561.
The court makes no ruling in regard to future motions to dismiss when that period of greatest injury has passed or is about to pass.
Motion denied.
N. O'Neill, J.