[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In this action, invoking the Environmental Protection Act of 1971, C.G.S. § 22a-14 et seq., plaintiffs seek a temporary and permanent injunction to restrain defendant from demolishing a building in the National Historic Register District known as the Capitol Building located at 402-417 Asylum Street, Hartford, Connecticut. Defendant, moves to dismiss on the ground the court lacks subject matter jurisdiction under § 22a-16, and further moves for a stay on the grounds of the doctrine of primary jurisdiction.
Plaintiffs are an agency of the state, a political subdivision of the state and an association entitled, pursuant to § 22a-16, to maintain an action in the superior court for declaratory and equitable relief for the protection of the public trust in natural resources from unreasonable impairment or destruction. Section 22a-19a provides that the protection of the Environmental Protection Act of 1971 applies to the unreasonable destruction of historic structures, which shall be properties that are part of a district listed on the National Register of Historic Places and "have been determined by the State Historic Preservation Board to contribute to the historic significance of such district."
On August 6, 1998 the National Park Service of the United States Department of the Interior certified that the Capitol Building "is located within the boundaries of the High Street Historic District, Hartford . . . which was entered in the Register of Historic Places on July 8, 1998."
The defendant is the owner of the Capitol Building at 402-417 Asylum Street, Hartford, Connecticut. It has applied for a permit from the Bureau of Licenses and Inspection of the City of Hartford to demolish the Capitol Building. That application is pending. The defendant has publicly announced plans to flatten CT Page 5957 the building and convert the property into a ground floor of retail space, a parking garage and a rooftop restaurant.
In December 1998 defendant filed a petition with the National Park Service seeking to remove the building from the National Register. The petition is pending.
Defendant asserts this court lacks jurisdiction because plaintiffs have not met the requirements of § 22a-16 and § 22a-19
The statutes provide equitable relief for the protection of the public trust in properties in historic districts from "unreasonable" destruction. Defendant claims that the fact it has not yet obtained the demolition permit from the city shows the building is under no actual or unreasonable threat of demolition.
This court disagrees. The fact defendant has applied for the permit and has plans to destroy the building and replace it with a different structure is a sufficient threat to invoke § 22a-16
and § 22a-19. Were the defendant to get the permit, it could tear down the building before plaintiffs could get a restraining order in court.
A motion to dismiss admits all facts well pleaded, Carl J.Herzog Foundation. Inc. v. University of Bridgeport,41 Conn. App. 790, 793 (1996), and the court can construe the complaint most favorable to the plaintiff. Maloney v. Lensink,213 Conn. 548, 567 (1990). Here plaintiffs allege that unless the proposed demolition of the Capitol Building is enjoined, the public trust in a historic structure will be destroyed. That allegation is sufficient to invoke the jurisdiction of this court.
The motion to dismiss is denied.
Defendant further asserts the doctrine of primary jurisdiction to move this court to stay this case until the National Park Service has acted on defendant's petition for removal of the Capitol Building from the National Register. "The doctrine of primary jurisdiction is a rule of judicial administration created by court decision in order to promote `proper relationships between courts and administrative agencies charged with particular regulatory duties'" Mazzola v. SouthernNew England Telephone Co. 169 Conn. 344, 348 (1975).
The National Park Service has already certified that the Capitol Building is within an historic district and entered it on CT Page 5958 the Register of Historic Places. There is no possibility of conflicting rulings between this court and the National Park Services, which is an important basis for the doctrine of primary jurisdiction. Sharkey v. Stamford, 196 Conn. 253, 256 (1985). If the National Park Service grants defendant's petition that will end this case because the Capitol Building will no longer comply with the requirement of §§ 22a-16, 22a-19. But unless and until that happens, plaintiffs are entitled to the protection of this court to prevent demolition of the building.
The motion for stay is denied.
Defendant also moves to overturn the following ex parte orders issued by the court: (1) temporary stay of demolition, (2) permit plaintiff to inspect and photograph the Capitol Building at a reasonable time and (3) admission of Attorney Elizabeth S. Merritt, assistant general counsel of National Trust for Historic Preservation in the United States, pro haec vice. After hearing, that motion is denied.
Robert Satter Judge Trial Referee