CHRISTOPHER MONTANARO ET AL. *v.* ASPETUCK LAND TRUST, INC., ET AL.
(AC 28057)

Schaller, DiPentima and Stoughton, Js.

---

Argued April 17—officially released August 14, 2007

*Robert A. Fuller*, for the appellants (plaintiffs).

*Carrie L. Larson*, with whom, on the brief, was *Patricia C. Sullivan*, for the appellee (defendant town of Wilton).

*Opinion*

STOUGHTON, J. The plaintiffs, Christopher Montanaro and Laurie Anne Deilus, appeal from the judgment rendered after the trial court granted the motion filed by the defendant town of Wilton (town)[1] to dismiss the sole count against it in the plaintiffs' complaint for lack of subject matter jurisdiction. On appeal, the plaintiffs claim that the motion should not have been granted because the court had jurisdiction to determine at least one of the causes of action in the count, which was whether an access road was a town road, even if the court did not have subject matter jurisdiction to determine a second cause of action in the same count. We agree and reverse the judgment of the trial court.

[1] The town is the only defendant involved in this appeal.

The record reveals that the plaintiffs began this action with a complaint in two counts. In their first count, which does not state a claim against the town, the plaintiffs sought to enjoin the Aspetuck Land Trust, Inc., from interfering with their right-of-way over Old 2 Rod Highway. The second count was directed against the town, and it was only the second count that was dismissed.

In their second count, the plaintiffs alleged that Montanaro is the contract purchaser of a lot owned by Deilus that is situated in Wilton and bounded on its easterly side by Old 2 Rod Highway. Old 2 Rod Highway is the only means of access to a highway known as Wampum Hill Road in Weston. It is a separate parcel on the Wilton tax assessors' maps and is shown on other maps in Wilton and Weston. It was laid out as a proprietor's road of the town of Norwalk prior to 1802. The Wilton zoning regulations require that a building lot have required frontage on a public highway, as defined in the regulations. The plaintiffs assert that the Deilus property has the required frontage on Old 2 Rod Highway and that it is a public highway as defined in the regulations. By way of relief, the plaintiffs sought (1) a determination that Old 2 Rod Highway is a public highway or road and (2) an order that the Deilus property is entitled to a zoning permit and directing that upon the filing of an application, such a permit be issued. They argue that the court had jurisdiction to entertain their complaint because, they allege, neither the town nor its zoning officials can determine whether a road is a public highway, and agents of the town have indicated that if a zoning permit is requested for construction of a residence on the Deilus property, it will not be issued because it is uncertain that there is a continuous public road system providing access to the property.

The town moved to dismiss the action against it for lack of jurisdiction because the plaintiffs failed to seek appropriate administrative relief. Attached to the motion was an affidavit from Robert Nerney, the Wilton town planner, in which Nerney stated that as town planner, he reviews zoning applications filed in Wilton and that neither plaintiff had ever filed any application with plans to develop or to improve the subject property. Two additional affidavits were presented to the court. Richard S. Gibbons, an attorney for Montanaro, stated that he had spoken to various town officials about obtaining permits for the property. He stated that G. Kenneth Bernhard, the town attorney, had told him that the issue was whether Old 2 Rod Highway was a public highway or road under the zoning regulations and that unless it was clear, he would rather let a judge decide the issue. Bernhard stated in his affidavit that he recalled one or two informal conversations with Gibbons about the subject property. He stated that he never told Gibbons that the zoning officials would necessarily deny a permit or that the zoning officials had reached a final conclusion on the status of Old 2 Rod Highway and told him that the outcome would have to await the filing of an application. He further stated that he had no authority to grant or to deny any permit applications.

The court concluded that the mere threat or prospect of a zoning board denial was an insufficient ground to fail to seek administrative relief first and, instead, to institute the action, and granted the motion to dismiss for failure to exhaust administrative remedies.[2]

[2] Both parties, as well as the court, refer to the issue as one of "exhaustion." We do not believe that the doctrine of exhaustion of administrative remedies is strictly applicable in this case because no administrative procedure has been instituted. See *Sharkey* v. *Stamford*, 196 Conn. 253, 255, 492 A.2d 171 (1985). As in *Sharkey*, the question here is rather one of primary jurisdiction. In Connecticut, the term primary jurisdiction applies both to situations in which the court retains jurisdiction over a case but refers particular questions to the relevant administrative agency; see *Wilson* v. *Hryniewicz*, 51

A determination regarding a trial court's subject matter jurisdiction is a question of law. Our review is plenary, and we must decide whether the court's conclusions are legally and logically correct and find support in the facts that appear in the record. See *Stepney Pond Estates, Ltd.* v. *Monroe*, 260 Conn. 406, 417, 797 A.2d 494 (2002).

The plaintiffs claim that their primary request in the second count was for a determination that Old 2 Rod Highway was a public highway and that the request for zoning approval was secondary. Alternatively, the plaintiffs argue that the second count really contained two distinct causes of action, one for a determination of the legal status of the road, and the other seeking a declaration that they are entitled to a zoning permit. The plaintiffs argue that even if the court had no jurisdiction over the zoning permit request, it did have jurisdiction to declare the legal status of the road. The defendant argues that the burden lies with the plaintiffs to draft their complaint adequately and that if any claim within a count cannot be entertained for lack of subject matter jurisdiction, then none of it can be entertained.[3]

The parties have not provided any precedent directly on point. We agree with the trial court that it lacked primary jurisdiction over the request for the issuance

Conn. App. 627, 636–37, 724 A.2d 531, cert. denied, 248 Conn. 904, 731 A.2d 310 (1999); and where, as here, a court declines to hear a matter because the matter is better determined initially by an administrative agency. See *Sharkey* v. *Stamford*, supra, 255. The rationale underlying the two doctrines is substantially the same, both being grounded in a policy of fostering an orderly process of administrative adjudication and judicial review in which a reviewing court will have the benefit of the agency's findings and conclusion. Id., 256; see also R. Fuller, 9B Connecticut Practice Series: Land Use Law and Practice (2007) § 48.1, pp. 61–62.

[3] The parties agree that if the plaintiffs' request for a declaration as to their right to a zoning permit is subject to the doctrine of primary jurisdiction, then their failure to pursue administrative remedies would mean the court lacked subject matter jurisdiction to entertain the case.

of a zoning permit. We know of no authority, and none has been cited to us, for the proposition that if a count in a complaint contains two prayers for relief, over one of which the court lacks jurisdiction, the count must be dismissed.

When a decision as to whether a court has subject matter jurisdiction is required, every presumption favoring jurisdiction should be indulged. *Raudat* v. *Leary*, 88 Conn. App. 44, 48, 868 A.2d 120 (2005). In ruling on whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, and construe them in a manner most favorable to the pleader. *Pamela B.* v. *Ment*, 244 Conn. 296, 308, 709 A.2d 1089 (1998). If a court has jurisdiction to grant any one of the claims for relief set out in a plaintiff's complaint, the action should not be dismissed for lack of jurisdiction. *Rosengarten* v. *Downes*, 71 Conn. App. 372, 393, 802 A.2d 170, cert. granted on other grounds, 261 Conn. 936, 806 A.2d 1066 (2002) (appeal dismissed as moot December 31, 2002).

The second count of the complaint, although poorly drafted, supplemented by facts necessarily implied from the specific allegations, sufficiently alleged that Old 2 Rod Highway is a public highway or road. We conclude that the court had jurisdiction to determine the question.

It seems evident from the maps in the appendix to the plaintiffs' brief that there are other parties interested in the determination of whether Old 2 Rod Highway is a public highway. There may well be other owners bordering the road, and the road continues from Wilton into the town of Weston. It passes through land of the Aspetuck Land Trust, Inc., and, as to that part of the road, the plaintiffs claim in the first count only a right-of-way. Although failure to provide notice to all interested

parties in a declaratory judgment action does not deprive the court of subject matter jurisdiction; *Batte-Holmgren* v. *Commissioner of Public Health*, 281 Conn. 277, 289, 914 A.2d 996 (2007); due process principles make it essential that they be given notice and an opportunity to protect their interests. Id., 289–90.

The judgment is reversed and the case is remanded for further proceedings in accordance with law.

In this opinion the other judges concurred.